**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4756**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARKIS RASAAN ALLEN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:13-cr-00004-BO-1)

_____

Submitted:  May 22, 2014                Decided:  June 2, 2014

_____

Before NIEMEYER and MOTZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Markis Rasaan Allen appeals the 120-month sentence imposed by the district court following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). On appeal, Allen contends that the district court erred in rejecting a three-level downward adjustment for acceptance of responsibility.[*] Finding no error, we affirm.

Whether a defendant deserves a downward adjustment for acceptance of responsibility is a factual issue that we review only for clear error. United States v. Dugger, 485 F.3d 236, 239 (4th Cir. 2007). Because the sentencing judge "is in a unique position to evaluate a defendant's acceptance of responsibility," the sentencing judge's ruling "is entitled to great deference on review." Elliott v. United States, 332 F.3d 753, 761 (4th Cir. 2003) (quotation marks omitted).

The Sentencing Guidelines provide for a two-level downward adjustment for a defendant who "clearly demonstrates acceptance of responsibility for his offense." U.S. Sentencing

---

[*] In the reply brief, Allen raises for the first time a claim that the district court violated Apprendi v. New Jersey, 530 U.S. 466 (2000). We decline to consider this newly-raised argument. See A Helping Hand, LLC v. Baltimore Cnty., Md., 515 F.3d 356, 369 (4th Cir. 2008); Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

2

Guidelines Manual ("USSG") § 3E1.1(a) (2012). While a defendant is not required to admit to relevant conduct to obtain the adjustment, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1 cmt. n.1(A).

Here, Allen accepted responsibility for the charged offense -- being a felon in possession of a firearm. However, he repeatedly denied the underlying relevant conduct -- that he shot the victim. Upon review of the evidence supporting the district court's finding that Allen did, in fact, commit the underlying shooting, we are not "left with the definite and firm conviction that a mistake has been committed." Dugger, 485 F.3d at 239 (quotation marks omitted). Thus, we conclude that the district court did not clearly err in rejecting the two-level downward adjustment for acceptance of responsibility under USSG § 3E1.1(a). Nor did the court err in rejecting the additional one-level reduction found in USSG § 3E1.1(b).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3